# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-35-FDW

| | |
|---|---|
| **GEORGE VICTOR STOKES,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| **JOHN A. HERRING, Administrative Superintendent,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e). On February 1, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff George Victor Stokes, a North Carolina inmate currently incarcerated at Central Prison in Raleigh, North Carolina, filed this action on January 25, 2017, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant John A. Herring, the Administrative Superintendent at Lanesboro Correctional Institution at all relevant times. Plaintiff alleges that Defendant Herring and "his medical staff" at Lanesboro "ha[ve] denied him any form of alternative treatment to alleviate his ongoing severe nerve pain and correct his uncontrollable neuromuscular spasm in violation of his Eighth and Fourteenth Amendments." (Doc. No. 1 at 11). Plaintiff seeks injunctive and declaratory relief. (Id.). Specifically, Plaintiff asks for a

1

declaration from the Court that Defendant violated his Eighth and Fourteenth Amendment rights, as well as injunctive relief in the form of an order requiring medical staff at Lanesboro to "treat Plaintiff for his neurological and uncontrollable neuromuscular spasm under the standards of treatment protocol established by the Department"; for an order "requiring Herring to take corrective measures to curb the known pattern of inadequate medical care towards inmates' serious health condition"; and an order "requiring Herring and those acting in concert of his authority to keep one hundred feet away from contact of the Plaintiff and to refrain from any retaliatory conduct towards Plaintiff." (Id. at 15).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In the Complaint, Plaintiff seeks declaratory and injunctive relief. Plaintiff, however, is no longer incarcerated at Lanesboro Correctional Institution, as he is now incarcerated at Central Prison. As a general rule, the transfer or release of a prisoner from prison renders moot the prisoner's claims for injunctive and declaratory relief. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (release from prison rendered moot the plaintiff's request for injunctive and declaratory relief); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief). Because Plaintiff is no longer incarcerated at Lanesboro, his claims for declaratory and injunctive relief are moot and this action will therefore be dismissed. The Court will, therefore, dismiss this action without prejudice.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice as moot.
2. The Clerk shall terminate this action.

Signed: March 23, 2017

Frank D. Whitney
Chief United States District Judge