# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-35-FDW

| | |
|---|---|
| **GEORGE VICTOR STOKES,** | )
| | )
| Plaintiff, | )
| | )
| vs. | )
| | )
| | ) **ORDER**
| | )
| | )
| **JOHN A. HERRING, Administrative Superintendent,** | )
| | )
| Defendant. | )

**THIS MATTER** is before the Court on Plaintiff's "Motion for Miscellaneous Relief," (Doc. No. 16), in which Plaintiff has submitted a "Renewed Complaint," stating that he is incorporating the original Complaint. This Court, therefore, treats the motion as a Motion to Amend or a Motion to Supplement, under Fed. R. Civ. P. 15.

## I. BACKGROUND

Pro se Plaintiff George Victor Stokes, a North Carolina inmate currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina, filed a Complaint in this underlying action on January 25, 2017, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant John A. Herring, the Administrative Superintendent at Lanesboro Correctional Institution at all relevant times. Plaintiff alleged that Defendant Herring and "his medical staff" at Lanesboro "ha[ve] denied him any form of alternative treatment to alleviate his ongoing severe nerve pain and correct his uncontrollable neuromuscular spasm in violation of his Eighth and Fourteenth Amendments." (Doc. No. 1 at 11). Plaintiff sought injunctive and declaratory relief only. (Id.).

1

Specifically, Plaintiff asked for a declaration from the Court that Defendant violated his Eighth and Fourteenth Amendment rights, as well as injunctive relief in the form of an order requiring medical staff at Lanesboro to "treat Plaintiff for his neurological and uncontrollable neuromuscular spasm under the standards of treatment protocol established by the Department"; for an order "requiring Herring to take corrective measures to curb the known pattern of inadequate medical care towards inmates' serious health condition"; and an order "requiring Herring and those acting in concert of his authority to keep one hundred feet away from contact of the Plaintiff and to refrain from any retaliatory conduct towards Plaintiff." (Id. at 15).

In an Order dated March 24, 2017, the Court noted that Plaintiff was seeking declaratory and injunctive relief only, and the Court found that because Plaintiff had been transferred away from Lanesboro, his claim seeking declaratory and injunctive relief against Defendant Herring had been rendered moot. The Court, therefore, dismissed the action without prejudice.

Almost two years later, on January 16, 2019, Plaintiff filed in this action a document titled a "Renewed Complaint," in which he again complains about his medical treatment at Lanesboro and other North Carolina prisons where he has been incarcerated, both before and after he filed this underlying action. His "Renewed Complaint" purports to incorporate the allegations in the original Complaint. Plaintiff also seeks compensatory damages, and he seeks to add as a Defendant Kenneth Lassiter, identified as the North Carolina Department of Public Safety Prison Director. Plaintiff alleges that, while he was incarcerated at Lanesboro, Defendant Herring knew that medical staff at Lanesboro were not giving Plaintiff proper medical treatment. Plaintiff also alleges that "after three years since the filing of the original complaint in this case, the plaintiff has received no treatment to adequately alleviate his neuralgia and correct his uncontrollable neuromuscular spasm." (Doc. No. 16 at 3). Plaintiff states that he needs

2

neurosurgery, and he refers to dates in July 2018 and August 2018, when he submitted sick calls requesting medical attention, but he states that an unidentified "John Doe" doctor refused to allow him to have surgery or adequate pain medication. (Id. at 4). Plaintiff alleges that "the failure to Defendants Herring and Lassiter to direct its medical staff to resume Plaintiff's prescribed pain management medicine, follow-up neurological examination and treatment of his neuralgia, neurotherapy and neurosurgery for his uncontrollable neuromuscular spasm, constitutes deliberate indifference to plaintiff's serious medical need to treat his nerve condition," in violation of his Eighth Amendment rights. (Id. at 5). Plaintiff seeks declaratory and injunctive relief against Defendants Herring and Lassiter, as well as damages. (Id. at 6).

**II.   DISCUSSION**

Because this action has already been dismissed, Plaintiff's pending motion is moot. In any event, in the "Renewed Complaint," Plaintiff complains about conduct by prison officials at Lanesboro and other prison facilities that occurred <u>after</u> he filed this action in January 2017. Therefore, the proper procedure for Plaintiff is to file a new action in this Court, showing that he has exhausted his administrative remedies as to the newly named Defendant, Kenneth Lassiter.[1] In sum, to the extent that he is intending to amend or supplement his complaint, the motion is denied.

**IV.   CONCLUSION**

For the reasons stated herein, the Court denies Plaintiff's Motion for Miscellaneous

---

[1] Moreover, it appears that Plaintiff is attempting to impose liability against Lassiter based on supervisory liability, but it is well established that liability cannot be based on respondeat superior in Section 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under Section 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In a newly filed action, Plaintiff must name the individual Defendants who have allegedly refused to provide him with medical treatment for his serious medical needs.

Relief.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's Motion for Miscellaneous Relief, (Doc. No. 16), is DENIED.

Signed: January 17, 2019

Frank D. Whitney
Chief United States District Judge